UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MARIA GUADALUPE
VAZQUEZ GONZALEZ,

   Plaintiff,

v.                                                         No. 4:23-cv-0321-P

FIESTA MART, LLC,

   Defendant.

## OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand this action to the County Court at Law No. 1 of Tarrant County, Texas (ECF No. 11).

This simple slip-and-fall action arises from an accident which occurred in a Fiesta Mart grocery store located in Tarrant County, Texas. Cases like this one are decided every day in our Texas state courts. But the dockets of Texas federal courts have become increasingly clogged and stalled by the removal of this type of case over the past several years. This Court is of the opinion that Texas state courts are much better qualified to timely resolve these types of cases.[1] Further, the Court concludes that it lacks jurisdiction to resolve this case because the amount in controversy is insufficient.

Plaintiff filed her original petition in state court on February 22, 2023, claiming damages from a slip and fall on Defendant's premises. ECF No. 1 at 1. Plaintiff initially asserted damages up to $250,000. *Id*. Defendant's sole member is Bodega Latina Corp., a Delaware corporation with its principal place of business in California. *Id*. at 2. Defendant filed its Notice of Removal to this Court on March 31, 2023.

---

[1]Having been a trial judge on a district court in Tarrant County and a justice on the Second Texas Court of Appeals, the undersigned can attest that the judges, justices, and juries in Texas are well-equipped to resolve this dispute in a timely and fair manner.

ECF No. 1. Plaintiff filed the instant Motion to Remand on May 3, 2023, with an accompanying stipulation that she no longer asserts monetary damages in excess of $75,000. ECF No. 11.

In our Republic, where authority flows from the states to the federal government, the "the ordinary administration of criminal and civil justice" is left to the state courts, not the federal courts. FEDERALIST NO. 17 (Alexander Hamilton) (writing as "Publius"); *cf. Letter from Thomas Jefferson to James Madison* (Mar. 15, 1789), in THE LIFE AND SELECTED WRITINGS OF THOMAS JEFFERSON 426 (Adrienne Koch & William Peden, eds., 2004 Modern Library Paperback ed.) (1944). Accordingly, "[f]ederal courts are not courts of general jurisdiction" and can adjudicate only those matters "authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see Pidgeon v. Parker*, 46 F. Supp. 3d 692, 697 (S.D. Tex. 2014) ("These limits, based on respect both for other branches of government and for the state courts, must be respected.").

For diversity jurisdiction to exist, all parties must be completely diverse. 28 U.S.C. § 1332(a)(1); *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citation omitted). And the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added).

Here, Plaintiff filed the instant Motion to Remand with the stipulation that she no longer seeks more than $75,000 in damages. ECF No. 11. Because the language of 28 U.S.C. § 1447 mandates that the Court remand an action when jurisdiction is lacking, and the amount in controversy is a jurisdictional prerequisite for removal, the Court concludes that this case should be remanded for lack of jurisdiction.

As Chief Justice John Marshall recognized over two-hundred years ago, the duty of federal courts "to exercise jurisdiction where it is conferred, and not to usurp it where it is not conferred, are of equal obligation." *Bank of U.S. v. Deveaux*, 9 U.S. 61, 87, 5 Cranch 6 38 (1809),

*overruled in part by Louisville, C. & C.R. Co. v. Letson*, 43 U.S. 497, 2 How. 497, 11 L. Ed. 353 (1844).[2]

With the record and these admonitions in mind, the Court concludes jurisdiction is lacking. The Court must therefore **REMAND**.

Accordingly, the Court herby **ORDERS** that this case is **REMANDED** to the County Court at Law No. 1 of Tarrant County, Texas. The Clerk of this Court is **INSTRUCTED** to mail a certified copy of this Order to the County Court of Tarrant County, Texas.

**SO ORDERED** on this **3rd day** of **May 2023.**

_____
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

---

[2]Thomas Jefferson also warned of the dangers of federal judges usurping authority in matters that were for the states. Late in his life, he wrote:

> It has long however been my opinion, and I have never shrunk from its expression, . . . that the germ of dissolution of our federal government is in the constitution of the federal judiciary; . . . working like gravity by night and by day, gaining a little to-day and a little tomorrow, and advancing it's noiseless step like a thief, over the field of jurisdiction, until all shall be usurped from the states, and the government of all be consolidated into one. To this I am opposed; because whenever all government, domestic and foreign, in little as in great things, shall be drawn to Washington as the center of all power, it will render powerless the checks provided of one government on another, and will become as venal and oppressive as the government from which we separated.

*Letter from Thomas Jefferson to Charles Hammond* (August 18, 1821), *in* 15 THE WRITINGS OF THOMAS JEFFERSON 330–33 (Albert Ellery Bergh Ed.) (1905).